# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

CHRISTOPHER E.,[1]

       Plaintiff,                          Case No. 6:18-cv-00824-MK

    v.                            **OPINION AND ORDER**[2]

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

KASUBHAI, Magistrate Judge:

## <u>INTRODUCTION</u>

Christopher E. ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for Title XVI Supplemental Security Income ("SSI") under 42 U.S.C. §§ 1381a and 1382c(a)(3)(A). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for immediate calculation and award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Both parties consented to full jurisdiction by a U.S. Magistrate Judge. ECF No. 6. Pursuant to Standing Order 06-mc-9130, the United States consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 6.

<u>**ADMINISTRATIVE HISTORY**</u>

Plaintiff applied for Disability Insurance Benefits ("DIB")[3] and SSI in December 2016, alleging disability beginning January 1, 2010. Tr. 195-202[4]; Pl. Br. 2, ECF No. 19. The agency denied the claims both initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 125-44. He appeared for a hearing before Administrative Law Judge ("ALJ") John Sullivan in December 2017. Tr. 30-64. At the hearing, the ALJ dismissed Plaintiff's claim for DIB because Plaintiff's date last insured preceded his alleged disability onset date. Tr. 35-36. On January 17, 2018, the ALJ issued a decision denying both of Plaintiff's claims for benefits. Tr. 10-29. Plaintiff requested review of the hearing decision, which the Appeals Council denied in March 2018. Tr. 1-6; 190-91. Thus, the ALJ's decision became the final decision of the Commissioner, which Plaintiff now appeals. Compl., ECF No. 1.

Plaintiff was thirty-four years old at the alleged onset date. Tr. 22, Pl. Br. 3, ECF No. 19. Plaintiff "earned a modified high school diploma through an Individualized Education Program," and has no past relevant work experience. Tr. 22, 38-39, Pl. Br. 3, ECF No. 19. Plaintiff has a history of childhood abuse, diagnoses of Bipolar II disorder, anxiety and panic disorders, major depression, post-traumatic stress disorder, rule-out borderline intelligence, and rule-out learning disorder. Tr. 1135-1139. Plaintiff's physical diagnoses lumbar degenerative disc disease status post-fusion, right shoulder degenerative joint disease, and obesity. Tr. 15-16.

---

[3] Plaintiff acknowledges that Plaintiff's date last insured precedes his alleged disability onset date and thus Plaintiff challenges only the decision to deny the SSI claim. Pl. Brief n. 2, ECF No. 19.

[4] "Tr." Refers to the Transcript of Social Security Administrative record provided by the Commissioner.

## STANDARD OF REVIEW

This Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted); *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989). "The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing *Vidal v. Harris,* 637 F.2d 710, 712 (9th Cir. 1981); *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir. 1975)). "Where the evidence as a whole can support either a grant or a denial, [this Court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

### *Disability Analysis*

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a). The five-step sequential inquiry is summarized below, as described in *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

Step One: The Commissioner determines whether the claimant is engaged in substantial gainful activity. A claimant who is engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under step two. 20 C.F.R. § 416.920(b).

Step Two: The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have any such impairment is not disabled. If the claimant has one or more severe impairment(s), the Commissioner proceeds to evaluate the claimant's case under step three. 20 C.F.R. § 416.920(c).

Step Three: Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has an impairment that meets a listing is presumed disabled under the Act. If the claimant's impairments are not equivalent to one of the enumerated impairments, between the third and fourth steps the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's record. *See* 20 C.F.R. § 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related physical and/or mental activities on a regular and continuing basis, despite limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 416.945; *see also* SSR 96-8p, 1996 WL 374184.

Step Four: The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do past relevant work, the Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 416.920(e), 416.920(f).

Step Five: The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that claimant is able to do. The Commissioner may satisfy this

burden through the testimony of a vocational expert ("VE"), or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant is able to perform, the claimant is not disabled. If the Commissioner does not meet the burden, the claimant is disabled. 20 C.F.R. § 416.920(g).

At steps one through four of the sequential inquiry, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. If the claimant satisfies his burden with respect to the first four steps, the burden then shifts to the Commissioner regarding step five. 20 C.F.R. § 416.920(g). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2005. Tr. 15. At step one of the sequential analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. Tr. 15.

At step two, he found the following severe impairments: lumbar degenerative disc disease status post fusion, obesity, major depression, panic disorder, social anxiety disorder, bipolar disorder, posttraumatic stress disorder ("PTSD"), and right shoulder degenerative joint disease. Tr. 15-16.

At step three, he found that none of those severe impairments met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ next assessed an RFC to

> perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can lift and/or carry 10 pounds occasionally

and 10 pounds frequently. The claimant can stand and/or walk for two hours out of an eight-hour workday with regular breaks. The claimant can sit for six hours out of an eight-hour workday with regular breaks. The claimant is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. The claimant is limited to no more than occasionally reaching overhead to the right. He can handle items frequently with the left hand. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. The claimant can understand, remember & carryout simple, routine tasks. The claimant is limited to simple work-related decisions. The claimant is limited to occasional interaction with supervisors, coworkers and the public. The claimant's time off task can be accommodated by normal breaks.

Tr. 19.

Proceeding to step four, the ALJ found that Plaintiff had no past relevant work experience. Tr. 22. At step five, he found that Plaintiff retained the ability to perform the requirements of jobs existing in significant numbers in the national economy, such as Touch Up Screener, PCB Assembly; Addresser; and Nut Sorter. Tr. 22-23. The ALJ then found that Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010, the alleged onset date, through January 17, 2018, the date of the ALJ's unfavorable decision ("the relevant period"). Tr. 23.

### *Discussion*

Plaintiff seeks review by this Court asserting that the ALJ failed to identify legally sufficient bases supported by substantial evidence to 1) reject the opinion of examining doctor Scott Alvord, PsyD; 2) reject the "other" medical source opinion of Charles Race, PMHNP; 3) reject Plaintiff's subjective symptom testimony; and 4) reject the lay testimony of Plaintiff's ex-wife. Pl. Br. 6-7, ECF No. 19. The Plaintiff asks that the Court credit-as-true these opinions, and in doing so, reverse the Commissioner's decision and remand the case for benefits. *Id.* at 16-17. Plaintiff contends that if the opinions were credited as true, they would support a finding that Plaintiff impairments preclude competitive employment as testified to by the vocational expert at

Plaintiff's hearing. *Id.* at 8, 11, 15-16, 57-58. The Commissioner responds that the ALJ met the legal requirements needed to discount these opinions. Def. Br. 2-6, ECF No. 22. For the reasons that follow, this Court finds that the ALJ erred in rejecting the testimony of Dr. Alvord, Nurse Practitioner Race, Plaintiff's testimony, and Plaintiff's lay witness testimony. These opinions are credited as true and the case remanded for immediate calculation and award of benefits.

1. **The ALJ erred in rejecting the opinion of Scott Alvord, PsyD without providing specific and legitimate reasons supported by substantial evidence in the record.**

The ALJ's failure to provide any explanation or address any of the factors discussed in the 20 C.F.R. § 404.1527(c) in his rejection of examining physician Dr. Alvord's opinion is reversible error, and Dr. Alvord's opinion is credited as true.

"Medical opinions are statements from acceptable medical sources that reflect judgements about the nature and severity of [claimants'] impairment(s), including [their] symptoms, diagnosis and prognosis, what [they] can still do despite impairment(s), and [their] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

Medical opinions are "distinguished by three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ is required to consider and explain the weight afforded every medical opinion in the record using certain factors, such as the amount of relevant evidence supporting the opinion, the quality of the doctor's explanation, the consistency of the opinion with the record as a whole, and the doctor's familiarity with the record. 20 C.F.R. § 416.927(c). The ALJ need not specifically reference each factor listed in 20 C.F.R. § 404.1527(c). *Harris v. Colvin*, 584 F. App'x 526, 528 n.1 (9th Cir. 2014) (unpublished).

However, the ALJ's failure to consider any factor is, on its own, reversible error. *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

The opinions of examining doctors are generally favored over those of non-examining doctors. *Id*.; *Ghanim v. Colvin,* 763 F.3d 1154, 1160 (9th Cir. 2014). In order to reject the uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Notably, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)*)*. To reject the contradicted opinion of an examining doctor, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record. *Orn v. Astrue*, 496 F.3d at 632 (internal citations omitted).

An ALJ can satisfy the substantial evidence requirement by setting out a detailed summary of the facts and conflicting evidence, stating his interpretation, and making findings. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir. 1999). However, "the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

An ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion. *See Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir.1996)*.* "Where the

Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester*, 81 F.3d at 834.

The ALJ gave 'partial weight…to the findings of Dr. Alvord." Tr. 21. The ALJ then provided a summary of Dr. Alvord's findings. *Id.* The ALJ noted that Dr. Alvord evaluated Plaintiff on October 31, 2017, at which time Plaintiff reported that he had anger issues stemming from childhood; 2) could only walk a few minutes, ride a bike a few miles, and stand for short times; 3) that Dr. Alvord found Plaintiff's affect bordered on the garrulous; and that 4) Dr. Alvord diagnosed Plaintiff with Bipolar II disorder, borderline IQ, anxiety disorder, and a learning disorder. *Id.* The ALJ recounted that Dr. Alvord opined that the Plaintiff would have marked limitations in carrying out complex instructions and making judgments on complex work-related matters, moderate limitations in acting appropriately with coworkers and responding appropriately to work situations and changes in routing, and finally, that Plaintiff would miss three to four days of work per month because of these limitations. *Id.*

The ALJ gave Dr. Alvord's opinion only partial weight, but the ALJ failed to provide any explanation for discrediting Dr. Alvord's opinion. *See* Tr. 13-24. No explanation for that conclusion accompanied the ALJ's summary of Dr. Alvord's findings. *See id.* The ALJ failed to address factors listed in 20 C.F.R. 404.1527(c) in explaining why he gave Dr. Alvord's opinion only partial weight. *See id.*

The Commissioner argues that the ALJ "contrasted Dr. Alvord's opinion with other evidence from the medical record," and found it inconsistent with the record as a whole. Def. Brief 3, ECF No. 22. The Commissioner provides a summary of medical evidence to support that assertion but does not cite the ALJ's analysis for support. *Id*. at 3-4. Rather, the Commissioner argues *post hoc* that Dr. Alvord's opinion is inconsistent with Plaintiff's medical record. *Id.* at 4.

For example, the Commissioner states that Plaintiff's mood at one visit was "generally improved," and that "[t]his evidence conflicted with Dr. Alvord's assessment…" *Id.* Then the ALJ concluded that "[i]n other words, the ALJ agreed with Dr. Alvord that Plaintiff's mental impairments caused some limitations, but disagreed that those limitations were as significant as Dr. Alvord believed." *Id.* at 4. The Commissioner asserts that the ALJ met the legal standard for rejecting a contradicted medical opinion by summarizing facts and stating his interpretation and making findings. *Id.*

This Court disagrees with the Commissioner's assertions and approach. As Plaintiff points out, "[w]hile the court may make limited inferences from unclear or poorly stated explanations, an ALJ's decision may not be upheld based on '*post hoc* rationalizations that attempt to intuit what the ALJ might have been thinking.'" Pl. Reply Br. 2, ECF No. 23 (citing *Esser v. Colvin,* No. 3:15-cv-01939-MA, 2016 WL 5746353, at *3 (D. Or. Oct. 3, 2016) (quoting *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1226-27 (9th Cir. 2009)); *see also Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 537 (1981) ("*[P]ost hoc* rationalizations of the agency or the parties to this litigation cannot serve as a sufficient predicate for agency action."); *Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 559 (9th Cir. 1985) ("An agency's decision can be upheld only on a ground upon which it relied in reaching that decision."); *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003) (explaining that the Court is "constrained to review the reasons the ALJ asserts"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's *reasoning* is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (emphasis added).

The ALJ's decision did not specify any basis or reasoning illustrating why he discredited an examining doctor's opinion, and the Commissioner may not speculate about the ALJ's

decision. For this reason alone the Court finds that the ALJ failed to provide specific and

legitimate reasons for discounting Dr. Alvord's opinion, and credits Dr. Alvord's opinion as true.

While the ALJ erred in discounting Dr. Alvord's opinion without properly supporting his

reasoning, the ALJ gave "[g]reat weight to the findings of the State agency consultants." Tr. 21.

The opinion of a non-examining physician cannot by itself constitute substantial evidence

justifying the rejection of either a treating or examining physician. *Lester*, 81 F.3d at 831; *see*

*also Orn v. Astrue*, 495 F.3d. at 632 (explaining that when a physician relies on the same clinical

findings as an examining doctor, differing only in his or her conclusions, the conclusion does not

constitute "substantial evidence" contradicting the examining opinion).

The State agency consulting doctors were not treating or examining doctors. To the

extent that the ALJ may have relied on those opinions to constitute substantial evidence for

rejecting Dr. Alvord's opinion, the ALJ erred. In setting forth his own assessment of Plaintiff's

medical and mental conditions, the ALJ failed to provide specific and legitimate reasons

supported by substantial evidence explaining why his opinion, rather than Dr. Alvord's, is

correct.

Because the ALJ provided no valid reasons for discrediting Dr. Alvord's opinion, Dr.

Alvord's opinion is credited as a matter of law. When properly credited, Dr. Alvord's opinion

requires finding that Plaintiff is disabled per the vocational expert's testimony that a worker

missing more than one workday per month precludes competitive employment. Tr. 57-58,1142.

**2. <u>The ALJ erred in rejecting the opinion of Charles Race, PMHNP,
   without providing germane reasons supported by substantial
   evidence in the record.</u>**

The ALJ erred in discounting treating Nurse Practitioner Race's opinion by crediting it

with "[l]ittle weight" while providing no germane reasons supported by substantial evidence in

the record for doing so. Tr. 22. "In addition to considering the medical opinions of doctors, an ALJ must consider the opinions of medical providers who are not within the definition of 'acceptable medical sources.'" *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); *see* 20 C.F.R. § 416.902(a), (d). Relevant statements from "other" medical sources are competent evidence that can not be disregarded without comment. *Tobeler v. Colvin*, 749 F.3d 830, 833-34 (9th Cir. 2014). The opinion of a treating provider who does not qualify as an acceptable medical source may nonetheless be given greater weight than the opinion of a treating provider who does so qualify, depending on an evaluation of certain factors. *Revels v. Berryhill*, 874 F.3d at 655 (outlining factors identified in 20 C.F.R § 416.927(f)(1)). Those factors include the length of treating history, the number of times the provider treated the claimant, if the treating medical source provided better evidence and explanation for her opinion, or an opinion more consistent with the evidence of the record as a whole, and whether the treating medical source provided a specialist opinion. *Id.* To reject "other" medical source statements, the ALJ must provide germane reasons supported by substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Mr. Race is a psychiatric nurse practitioner who began treating Plaintiff in April 2014 and continued treatment throughout the duration of this case. Tr. 884. In October 2017, Mr. Race completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). Tr. 884, 1112. Mr. Race found Plaintiff moderately impaired in his ability to interact appropriately with the public and supervisors. Tr. 1113. He assessed marked impairment in Plaintiff's ability to understand, remember, and carry out simple instructions, interact appropriately with coworkers, and to respond appropriately to usual work situations and changes in routine in a work setting. Tr. 1112-13. Mr. Race found Plaintiff suffered extreme impairment in his ability to make both

simple and complex judgments regarding work, and to understand and carry out complex instructions. Tr. 1113. Mr. Race stated "[Plaintiff][is] very forgetful and at times not comprehending instructions in spite of clear guidance and lots of support." Tr. 1113. Mr. Race admitted Plaintiff had not undergone a formal intellectual test. *Id.* Mr. Race also noted that Plaintiff's

> mood stability and consequently ability to interact smoothly [with] others especially a supervisor or member of the public have been problematic for many years…Impairments are in the opinion of this writer due both to longstanding bipolar disorder and history of adverse childhood events (trauma).

Tr. 1114. Mr. Race opined that Plaintiff's psychiatric problems were present from the beginning of treatment in April 2014, and that those problems would prevent Plaintiff from a regular work schedule, due to absences likely more than four days per month. Tr. 1114-15.

The ALJ cites to none of the factors identified in 20 C.F.R. § 416.927 when considering the weight of Mr. Race's opinion. The ALJ fails to identify any germane reasons supported by substantial evidence in the record for discounting that opinion. The ALJ notes Plaintiff's history of severe depression, anxiety, Bipolar II disorder, and medications used to treat those disorders from March 2012 onward. Tr. 20-21. The ALJ then states that Mr. Race's opinion is inconsistent with medical evidence, Tr. 22, but fails to identify what medical evidence he found contradicted Mr. Race's statements, or how that evidence was contrary to Mr. Race's opinion. The medical records Mr. Race generated documenting Plaintiff's symptoms are consistent with the record of Dr. Alvord, the examining provider. *Compare* Tr. 884-85, 888 *with* Tr. 1135-36. The ALJ asserts that Mr. Race's opinion is inconsistent with the record. However, this conclusory statement is not a germane reason supported by substantial evidence that justifies discrediting Mr. Race's specialist opinion, especially given its consistency with Dr. Alvord's opinion, and the length of time Mr. Race treated Plaintiff.

The ALJ notes in his discussion of Mr. Race's opinion that Plaintiff's intellectual capacity has not been formally tested. Tr. 22. The ALJ also notes that Mr. Race observed claimant as forgetful and that he had difficulty comprehending instructions and a noted history of social interactions. *Id.* In the Defendant's brief, the Commissioner concludes that the ALJ discredited Mr. Race's opinion because Mr. Race had not formally tested Plaintiff. Def. Br. 5, ECF No. 22. The Commissioner states "[t]he ALJ reasonably gave Mr. Race's opinion less weight because it was unsupported by formal testing." *Id*. The Commissioner then argues that, as a result, Mr. Race's opinion may be rejected as "brief, conclusory, and inadequately supported by clinical findings," citing *Bayliss v. Barnhart*, 427 F.3d 1121, 1216 (9th Cir. 2005). *Id.*

First, as discussed earlier, the Commissioner may not speculate *post hoc* as to the ALJ's reasoning. Next, the ALJ himself did not identify the lack of a cognitive test as a germane reason for discrediting Mr. Race. *See* Tr. 22. The ALJ merely noted the lack of such testing. *Id.*

The Court finds that Mr. Race's opinion is not brief, conclusory, or inadequately supported by clinical findings due to the lack of a formal cognitive test. Unlike a "check-the-box form" which contains no explanation for the bases of his conclusions, *see Molina v. Astrue,* 674 F.3d at 1111 (finding that the ALJ's permissibly rejects opinions based on such reports), Mr. Race is a specialist whose documentation shows three years of in-depth analyses of Plaintiff's history of childhood trauma, including potential sexual abuse as a very young child, being bullied by other students, receiving special education, suffering a family history of mental health disorders, and analysis of ongoing mental health symptoms, in support of Plaintiff's mental health diagnoses and treatment plan. Tr. 884-1008.

Lastly, to the extent the lack of cognitive testing may have been a dispositive factor for discrediting Mr. Race's opinion, the ALJ, nevertheless, has a duty to fully develop the record.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Struck v. Astrue*, 247 Fed. Appx. 84, 86 (9th Cir. 2007) (unpublished opinion)(quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983)). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater,* 80 F.3d 1273,1288 (9th Cir. 1996) (internal quotations omitted); *Armstrong v. Commissioner of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir.1998)). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d at 1150 (internal citations omitted). If the ALJ had determined that Mr. Race's opinion could not be substantiated because of the lack of one test, the ALJ should have ordered the testing to protect the interest of this mentally ill Plaintiff. In this case, it is unclear whether the lack of testing was considered a germane reason for discrediting Mr. Race's opinion. However, if it was, the ALJ had a duty to order further dispositive testing to protect the Plaintiff and failed to do so.

The Court finds that the ALJ failed to provide germane reasons based on substantial evidence for discrediting Mr. Race's opinion as a treating "other" medical source, given his history of treating Plaintiff over multiple visits as a mental health specialist. Mr. Race opined that Plaintiff would miss more than four days per month of work because of his mental health conditions. Tr. 1115. Mr. Race's opinion is credited as true. His opinion supports a finding of disability per the vocational expert's testimony that a worker's need to miss more than one workday per month precludes competitive employment. Tr. 57-58.

**3. <u>The ALJ erred in failing to provide specific, clear and convincing reasons supported by substantial evidence to justify rejecting Plaintiff's subjective symptom testimony.</u>**

The ALJ erred by failing to provide the correct legal bases for rejecting Plaintiff's subjective testimony. The agency employs a two-step process to evaluate a claimant's symptoms. *Molina v. Astrue*, 674 F.3d at 1112. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). The Plaintiff need only show that her impairment could cause some degree of the symptom; she need not prove the severity or degree of the symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ may not reject Plaintiff's subjective testimony as to the degree of symptoms provided some objective evidence is produced of underlying impairment. *Id.*

Provided a Plaintiff presents objective evidence of impairment, the ALJ must next find either affirmative evidence of malingering, or give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms. *Id.* (internal citations and quotations omitted). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding in Social Security cases.'" *Garrison v. Colvin,* 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ did not find evidence of malingering. *See* Tr. 13-24. Thus, the ALJ must provide specific, clear and convincing reasons for rejecting claimant's testimony. At the hearing, Plaintiff testified he earned a modified high school diploma through an IEP; that he has difficulty completing tasks due to chronic mental health issues for which he was unable to obtain treatment until 2014 because of lack of insurance; that upon receiving treatment for his mental health conditions he was prescribed five medications for agitation, sleep, pain, and anxiety; and that he

lives in subsidized housing and receives "a lot" of help from his mother. Tr. 38-42. Plaintiff

testified that he experiences panic attacks around other people. Tr. 44. For instance, Plaintiff

stated that he must take medication to help the panic he feels with grocery shopping. *Id.* Despite

medication, "[a]bout every other time" Plaintiff grocery shops he must leave the store prior to

purchasing his goods due to feelings of panic. Tr. 45. He states he is unable to ride a bus due to

anxiety and panic symptoms. *Id*. Plaintiff testified that his suicidal ideation has improved with

medication. Tr. 47. His sleep has improved with medication, and instead of two to three hours of

sleep at night, had can sleep on average six hours. Tr. 47-48. He stated he has no hobbies, and

that his mood issues impact his ability to complete household chores and cook meals. Tr. 48.

Plaintiff testified that stress causes him to have anger outbursts, resulting in Plaintiff throwing

objects and punching holes in walls, although the medication has helped. Tr. 48-49.

After reviewing the record, including the hearing testimony and written submissions, the

ALJ first found that the relevant medical evidence and the record generally "support the

statements by the claimant and claimant's estranged spouse…regarding the alleged Plaintiff's

intensity, persistence, and limiting effects of symptoms." Tr. 20. However, in the paragraph

immediately following, the ALJ states

> After careful consideration of the evidence, the undersigned finds that the
> claimant's medically determinable impairments could reasonably be expected to
> cause the alleged symptoms; however, the claimant's statement concerning the
> intensity, persistence and limiting effects of these symptoms are not entirely
> consistent with the medical evidence and other evidence in the record for the
> reasons explained in this decision.

Tr. 20. The ALJ provides contradicting statements regarding whether he found the evidence

supported Plaintiff's statements. As Plaintiff pointed out in his brief, the Commissioner did not

address the ALJ's inconsistent statement. Pl. Reply Br. 5, ECF No. 23.

The explanation provided by the ALJ in the remainder of the decision does not specifically identify what portions, if any, of Plaintiff testimony the ALJ found unsupported by the record. *See* Tr. 20-24. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). An ALJ's single, conclusory statement that a Plaintiff's statement has been considered, or that the Plaintiff's subjective symptom testimony are, or are not, supported or consistent is insufficient grounds for rejecting a Plaintiff's testimony. SSR 16-3p 2016 WL 1119029, at *3 (Mar. 16, 2016)[5]; *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ's statement is conclusory, and his analysis provides no specific, clear and convincing reasons based on substantial evidence. For this reason alone Plaintiff's testimony is credited as true.

Additionally, in evaluating the ALJ's conclusion regarding Plaintiff's potential inconsistency for specific, clear and convincing reasons, the Court found no evidence of inconsistency. Plaintiff's reports of symptoms are consistent throughout and reported similarly by both Dr. Alvord and Dr. Race, Plaintiff's treating and examining providers.

Finally, the Commissioner argues that the ALJ based his conclusion regarding Plaintiff's testimony not by pointing to specific, clear and convincing reasons provided by the ALJ, but to the record itself. Def. Br. 2, ECF No. 22. The Commissioner argues *post hoc* that the ALJ found Plaintiff's testimony inconsistent with the record because Plaintiff reported improvement in his symptoms in May through July 2017. *Id*. While the Commissioner may not argue *post hoc*, it is

---

[5] The governing Social Security rulings are binding on all components of the Social Security Administration and are to be relied on as precedents in adjudicating cases. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007)).

also true that improvement in mental health symptoms does not disqualify a potential finding of disability. *See Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) (explaining that "[i]t is the nature of bipolar disorder that symptoms wax and wane over time…"). "That a person who suffers from severe panic attack, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her…" *Id.* at 877 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). An ALJ must interpret reports of "improvement" in the context of the Plaintiff's overall well-being and the nature of the Plaintiff's symptoms. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

In this case, Plaintiff self-reported some degree of improvement in his mental health symptoms for a period of time, but such improvement does not bely his underlying condition or disability. At his hearing for example, Plaintiff testified that medication helped him feel less suicidal and helped him sleep better. Tr. 47-48. However, Dr. Alvord's evaluation of Plaintiff occurred in October 2017, after Plaintiff's report of improvement. Dr. Alvord's findings, based on his own examination of Plaintiff's behavior, a clinical interview, mental status exam, and review of Plaintiff's years of counseling records, support that Plaintiff is unable to work at a competitive job. As the Ninth Circuit noted, a plaintiff's diagnosis of Bipolar II disorder would be expected to cause waxing and waning of symptoms. The degree of Plaintiff's reported psychological symptoms at any given time is not a specific, clear and convincing reason supported by substantial evidence to find Plaintiff's testimony not consistent, and then discount it. The ALJ erred in pointing to periods of improvement that are not representative of the continuing severity of Plaintiff's symptoms.

"[W]here the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to

allow the ALJ to make specific findings regarding that testimony.'  Rather, that testimony is …

credited as a matter of law." *Lester*, 81 F.3d at 834.  The Court therefore credits Plaintiff's

testimony as a matter of law. When properly credited, Plaintiff's testimony supports finding that

he can not sustain full-time work in a competitive work setting as per the vocational expert's

testimony. Tr. 57-63.

### 4. The ALJ erred by failing to provide germane reasons supported by substantial evidence for discounting lay witness testimony.

Finally, Plaintiff argues that the ALJ erred in failing to adequately credit lay witness

testimony from Plaintiff's estranged wife. Pl. Br.15-16, ECF No. 19. Like "other" medical

source opinions, lay testimony is competent testimony that the ALJ must account for unless the

ALJ expressly determines to disregard the testimony and provides germane reasons for doing so.

*Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ found that Plaintiff's wife's statements "mirror[ed] the subjective complaints

from the claimant's testimony," and opined that her written submissions support Plaintiff's

limited ability to perform several activities of daily living and work. Tr. 19-20. The

Commissioner speculates that when the ALJ stated the wife's testimony "mirror[ed]" Plaintiff's

subjective reports of symptoms, the ALJ intended to discredit the wife's testimony. Def. Br. 6,

ECF No. 22. The Court does not find this argument persuasive, and finds that, because the ALJ

went on to say that Plaintiff's wife's statements were generally supported by the record, the ALJ

did not intend to discredit the wife's lay person testimony.

However, Plaintiff argues that the ALJ did fail to fully account for the wife's testimony in

the residual functional capacity finding. Pl. Br. 15-16, ECF No. 19. Plaintiff's wife testified, for

example, that she had know Plaintiff for twenty years and saw him daily. Tr. 224. She reported

that it was difficult to converse with Plaintiff due to his mood swings and memory issues, that he

had difficulty getting along with others due to his rapidly altering mood and anger issues, and that he had been fired from jobs for arguing with bosses. Tr. 224-229. She stated Plaintiff can not complete tasks and needs written instruction because verbal instructions must be repeated often. Tr. 229. The wife stated Plaintiff had to read and re-read written instructions due to memory issues. *Id.* Plaintiff's wife stated that Plaintiff can only concentrate for one to five minutes at a time. *Id.* She stated that Plaintiff was sometimes "very manic," and "easily angered," and that stress causes him to obsess over situations, cry, scream, and be unable to sleep. Tr. 230.

In addition to statements about Plaintiff's mental health, Plaintiff's wife commented on Plaintiff's physical limitations. She stated that it takes Plaintiff "twice as long" to complete household chores. Tr. 226. She stated that he can't stand well or bend, and can walk only half a block. Tr. 225, 229. Plaintiff uses an electric cart when shopping. Tr. 230.

Plaintiff claims that the ALJ failed to adequately account for Plaintiff's wife's statements in the residual functional capacity analysis and failed to identify any basis for discounting her evidence. Pl. Br. 16, ECF No. 19. As per the above analysis, the Commissioner's argument is speculative as to the ALJ's intent to discredit wife's testimony. The ALJ provides no germane reasons for discounting her testimony. *See* Tr. 13-24. Thus, the ALJ erred in not accounting for Plaintiff's wife's testimony when considering Plaintiff's residual functional capacity. The wife's lay testimony should be credited as true. Plaintiff's wife's testimony was in line with both Dr. Alvord's diagnoses and observations, and Mr. Race's repeated observations of Plaintiff's concentration and memory issues. Tr 894, 920, 930, 935, 1137,1140. And, as the ALJ noted, the wife's testimony was consistent with Plaintiff's testimony. Tr. 20. Wife's testimony, when credited as true, supports finding that Plaintiff can not sustain concentration sufficient to remember and carry out simple instructions in a competitive work environment. *See* Tr. 59.

**5. The ALJ's errors were not harmless.**

The ALJ's errors in discounting the opinions of Dr. Alvord, Nurse Practitioner Race, Plaintiff, and Plaintiff's wife, were not harmless, because the ALJ failed to otherwise substantiate his opinion with substantial evidence from the record. *See Molina v. Astrue*, 674 F.3d at 1115 (holding that error is harmless so long as substantial evidence supports the ALJ's decision) (internal citations omitted)). The ALJ's assessment of Plaintiff's residual functional capacity, to the extent that it was based on the State agency consulting doctors' opinions, is not based on substantial evidence. As noted earlier, medical opinions based on review of the record but not on independent clinical findings do not constitute substantial evidence sufficient to contradict an examining opinion. *Orn v. Astrue,* 495 F.3d. at 632. Two State agency consulting psychologists opined on Plaintiff's mental impairments between January 23, 2017 through May 22, 2017, based on their review of the record. Tr. 21; Ex. 1A/1-13; 2A/1-11; Ex. 7A/1-15; 8A/1-13. Both found that Plaintiff's mental impairments would cause either mild or moderate limitations. *Id*. Both opinions were complete prior to Dr. Alvord's examination of Plaintiff on October 31, 2017. Both opinions are inconsistent with the opinions of Dr. Alvord and Mr. Race.

By giving little or partial weight to the treating and examining providers, the ALJ improperly substituted his own opinion for those of the providers. By discounting treating and examining providers, and Plaintiff's and his wife's testimony, the ALJ reached the erroneous conclusion that Plaintiff could work in a competitive employment environment. Had the ALJ correctly credited these opinions as true, those opinions would have been in accordance with the vocational expert's testimony that Plaintiff's absenteeism would preclude him from such employment.

**6. Credit-as-True Doctrine**

Under the "credit-as-true" doctrine, evidence should be credited and immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011) The "credit-as-true" doctrine leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 2003)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

While the ALJ only gave Dr. Alvord's opinion partial weight, the ALJ failed to provide any explanation as to why. He failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of an examining doctor, and further, a specialist. Dr. Alvord's opinion is credited as true. The ALJ failed to provide germane reasons supported by substantial evidence for discrediting Plaintiff's treating psychiatric Nurse Practitioner Charles Race and Plaintiff's wife's lay testimony. Both opinions are credited as true.

The ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's subjective testimony, and his testimony is credited as true.

There are no outstanding issues to resolve prior to a determination of disability, and it is clear that, based on the opinions of Dr. Alvord and Mr. Race, taken alongside Plaintiff and his estranged wife's testimony, Plaintiff's physical and mental conditions would require the ALJ to find him disabled when those opinions are credited as true.

For the reasons set forth above, the Commissioner's decision is reversed, and the Court

remands this case for the immediate calculation and award of benefits.

DATED this 7th day of August 2019.


 s/Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge